IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALEXIS RASHAAD FAVORS, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:18-CV-669-O |
| § | (NO. 4:15-CR-251-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Alexis Rashaad Favors, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:15-CR-251-O, and applicable authorities, finds that the motion should be denied.

I.

Background

On November 6, 2015, movant was named in a one-count information charging him with being a felon in unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No.[1] 12. Movant and his counsel signed a waiver of indictment,[2] ECF No. 14, and a factual resume setting forth the maximum penalty movant faced, the offense elements, and the stipulated facts establishing movant's guilt. ECF No. 15. On November 10, 2015, movant and his counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge, ECF

---

[1] The "ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-251-O.
[2] The waiver was affirmed in open court on November 10, 2015. CR Doc. 21.

No. 17, and movant entered a plea of guilty to the offense charged by the information. ECF No. 19. The Magistrate Judge signed a report and recommendation that the plea be accepted. ECF No. 18. Movant did not lodge any objections to the proceedings and the court accepted movant's plea of guilty. ECF No. 23.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 22. ECF No. 24, ¶ 35. He received a two-level enhancement because the offense involved three to seven firearms, *id.* ¶ 36, a two-level enhancement for altered or obliterated serial number, *id.* ¶ 37, and a four-level enhancement because movant possessed the firearm of conviction in connection with another offense. *Id.* ¶ 38. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 45, 46. Based on a total offense level of 27 and a criminal history category of III, movant's guideline imprisonment range was 87 to 108 months. *Id.* ¶ 121. Movant filed objections, ECF No. 26, and the probation officer prepared an addendum to the PSR. ECF No. 28. Movant again objected, ECF No. 29, and the probation officer prepared a second addendum to the PSR, correcting the earlier guideline calculation to reflect that the enhancement for an altered or obliterated serial number was 4, instead of 2, levels. ECF No. 35. The corrected guideline range was 108 to 135 months; however, the statutorily authorized maximum sentence was 120 months, so the guideline range became 108 to 120 months. *Id.* Movant again objected. ECF No. 39.

At sentencing, on March 21, 2016, the Court sustained movant's objection to the enhancement for altered or obliterated serial number, which resulted in a guideline imprisonment range of 70 to 87 months. ECF No. 50 at 4-5. The Court sentenced movant to a term of imprisonment of 87 months. ECF No. 44. Movant appealed, ECF No. 46, and his sentence was

affirmed. *United States v. Favors*, 694 F. App'x 281 (5th Cir. 2017). His petition for writ of certiorari was denied. *Favors v. United States*, 138 S. Ct. 668 (2018). Movant filed a second notice of appeal, ECF No. 56, which was dismissed. ECF No. 61.

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, worded as follows:

Ground One: Government Attorneys May Not Have Followed Proper Procedure to Represent the U.S. or to Prosecute Mr. Favors

Ground Two: Appellate Counsel for Petitioner provided ineffective assistance of counsel on direct appeal in violation of Petitioner's Sixth Amendment rights for his failure to address issue based on Gomez-Perez v Lynch, 829 F.3d. 323, 326-27 (5th Cir. July 11, 2016) as requested by petitioner.

Ground Three: FAVORS'S SECTION 922(g)(1) CONVICTION AND THE RESULTING EIGHTY-SEVEN (87) MONTHS SENTENCE MUST BE VACATED BECAUSE THE FEDERAL WARRANT ISSUED AND STIPULATED PROBABLE CAUSE VIOLATED HIS SECOND AMENDMENT RIGHT TO BEAR ARMS AS THE EXECUTED FEDERAL WARRANT WAS UNCONSTITUTIONALLY VAGUE.

Doc.[3] 1 at PageID[4] 6.

III.

Applicable Legal Standards

A.     28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action, No. 4:18-CV-669-O.
[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page number on the form used by movant is not the actual page number of the document.

3

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

        B.        <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable,"

*Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant argues that he has not been able to obtain proof of the appointments of the assistant U.S. Attorneys assigned to his case. Doc. 2 at PageID 41-45. In support of his third ground, he argues that the warrant issued for his arrest was unconstitutionally vague. *Id.* at PageID 49-51. Specifically, he says his right to possess firearms was restored after his state conviction had been discharged. *Id.* at PageID 50. These grounds could and should have been raised on direct appeal and cannot be asserted here. *Frady*, 456 U.S. at 165; *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). Movant has made no attempt to show cause and prejudice for his failure to have raised them on appeal. *Shaid*, 937 F.2d at 232. And, his guilty plea waived all non-jurisdictional defects—such as those raised in grounds one and three—in the proceedings. *United States v. Easton*, 937 F.2d 160, 161 (5th Cir. 1991).

Movant's first and third grounds are without merit in any event. The first, alleging that the government's attorneys "may not have followed proper procedure," is conclusory and vague and

fails for that reason alone. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). A guilty plea serves as a waiver of the requirement that an authorized government attorney sign an indictment. *Easton*, 937 F.2d at 162. A plea to an information also serves as a waiver of the right to challenge lack of an indictment. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). As for the third ground, movant's guilty plea waived any objections to the search warrant. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002). And, to the extent movant is really contending that he had the right to possess a weapon, the burden of establishing an exception to § 922(g)(1) would have been on movant to show the restoration of his right to bear arms. *United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017). Contrary to movant's argument, nothing required the court to address the issue. Doc. 2 at PageID 50.

In his second ground, movant asserts that he received ineffective assistance of counsel on appeal because his attorney did not bring to the appellate court's attention the case of *Gomez-Perez v. Lynch*, 828 F.3d 323 (5th Cir. 2016). Doc. 1 at PageID 6; Doc. 2 at PageID 46-49. The record reflects that movant's appellate counsel raised the issue of the characterization of movant's state conviction of aggravated assault with a deadly weapon under Tex. Penal Code § 22.02 as a crime of violence. The Fifth Circuit rejected his argument. *Favors*, 694 F. App'x at 282. Movant did not receive ineffective assistance merely because his counsel did not raise every matter requested by movant. Counsel is not required to raise every nonfrivolous claim. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). *Gomez-Perez* is just one of many cases and movant has not shown that it would have made any difference to the outcome of his appeal.

V.

Order

The Court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 11, 2020.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**